UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $6,819,750.00 OF FUNDS IN THE NAME OF MILENYUM ENERGY SA; <br><br> $4,947,700.00 OF FUNDS IN THE NAME OF MILENYUM ENERGY SA; <br><br> $3,999,775.90 OF BLOCKED FUNDS IN THE NAME OF BLUE ENERGY TRADE LTD CO.; <br><br> $2,991,000.00 OF BLOCKED FUNDS IN THE NAME OF BLUE ENERGY TRADE LTD CO.; <br><br> $1,380,738.31 OF BLOCKED FUNDS IN THE NAME OF BLUE ENERGY TRADE LTD CO., <br><br> Defendants. | Civil Action No. 1:19-cv-1936-JEB |

**AFFIDAVIT IN SUPPORT OF DEFAULT**

1. I am the attorney of record for Plaintiff United States of America in the above-captioned case.

2. This declaration is executed by me in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, for the purpose of enabling the plaintiff to obtain an entry of default against the above captioned defendants, as no potential claimants have claimed an interest or otherwise defended the action.

1

3. The plaintiff commenced this forfeiture action *in rem* against the defendant properties by filing a verified complaint for forfeiture on June 27, 2019. *See* ECF No. 1.

4. The government gave notice of this action to all known potential claimants pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions. Supplemental Rule G(4)(b) requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." FED. R. CIV. P. SUPP. R. G(4)(b). The Supplemental Rules, not Federal Rule of Civil Procedure 4, supply the requirements for service of process in an *in rem* forfeiture action. *See United States v. $22,050.00 United States Currency*, 595 F.3d 318, 320 n.1 (6th Cir. 2010).

5. The notice must be sent by means "reasonably calculated to reach the potential claimant." Supp. Rule G(4)(b)(i)(A). Supplemental Rule G only requires that the government attempt to provide actual notice; however, it does not require that the government demonstrate that notice was received. *See Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) ("Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice."). A reasonable attempt to provide notice also satisfies the Constitutional due process standard, whether or not the intended recipient actually receives the notice. *See Dusenbery v. United States*, 534 U.S. 161, 170-71 (2002) ("[The Due Process Clause] requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action."). Certified mail is one way to satisfy the notice requirement of Supplemental Rule G(4)(b). *See $22,050.00 United States Currency*, 595 F.3d at 320 n.1.

6. On or about July 24, 2019, the government served notice via certified mail, Federal Express, and/or email to the following potential claimants, and achieved the correspondingly noted results of its attempts:

| Potential Claimant/Address | Email/FedEx/Certified Mail | First Class Mail |
|---|---|---|
| Al Reef Trading Co LLC<br>　Al riqa street opp. ADCB Bank shop no.3<br>　Dubai, United Arab Emirates<br><br>　Email Id: reeftrading.co93@hotmail.com | EMAIL<br>　Return Receipt Requested But Not Received (Email Did not bounce back) | Returned to Sender |
| Benelux Overseas DMCC<br>　Fortune Executive Tower, Block T,<br>　Off. No.1101, DMCC, Dubai, UAE<br><br>　Office No 1101 Emirate Dubai Bldg Fortune Executive Tower Street<br>　Po Box 118185 Dubai<br><br>Email Id: trading@benelux-ship.com | EMAIL<br>　Return Receipt Requested and Received | Returned to Sender<br><br><br><br>Not Returned to Sender |
| Borsa General Trading LLC<br>　Al Owais Business Tower,<br>　53, 24 Street<br>　Al Sabkha - 115, Deira, Dubai<br><br>　PO BOX 1677<br>　9TH FLOOR NO 903 AL OWAIS BUSINESS<br>　MURSHID BAZAR, DUBAI | FEDEX<br>　Delivered 7/28/2019<br><br><br>Certified Mail | Returned to Sender<br><br><br><br>Not Returned to Sender |
| INPENTA GROUP LP<br>　Office 7 196 Rose Street, Edinburgh, United Kingdom, EH2 4AT | FEDEX<br>　Delivered 7/29/2019 | Not Returned to Sender |

3

| | | |
|---|---|---|
| Nojoom Almerikh General Trading<br>    Al Murar – Al Khaleej Street<br>    Al Othman Buildding 403<br>    Deira Dubai UAE | FEDEX<br>    Returned to Sender | Returned to Sender |
| PO BOX 171785,<br>DUBAI,UAE,OFF 203,<br>/AE/ UNITED ARAB<br>EMIRATES | CERTIFIED MAIL | Not Returned to Sender |
| BLUE ENERGY TRADE LTD CO<br>    P.O. Box 556, Charlestown,<br>    Saint Kitts and Nevis | CERTIFIED MAIL<br>    Returned to Sender | Returned to Sender |
| Milenyum Energy S A<br>    c/o Milenyum Denizcilik Gemi<br>    H., Hizmetleri Ltd. Sti, Nazli<br>    Sokak 9, Halilrifatpasa Mah,<br>    Sisli, Istanbul 34384, Turkey | FEDEX | Not Returned to Sender |
| Milenyum Energy S A<br>    Ataturk Mahallesi Gulay<br>    Sokak, No. 12/3, Atasehir,<br>    Istanbul, Turkey | FEDEX | Returned to Sender |
| Milenyum Energy S A<br>    No. 18 D. 1 Kemankes Mah.<br>    Necatibey Cad., Akce Sok.,<br>    Karakoy, Istanbul, Turkey | FEDEX | Not Returned to Sender |
| Milenyum Energy S A<br>    Avenida Norte Enrique<br>    Geenzeier El Cangrejo,<br>    Panama 0834-1082, Panama | FEDEX<br>    Returned to Sender | Not Returned to Sender |

7.  Supplemental Rule G(4)(a) also requires the government to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." FED. R. CIV. P. SUPP. R. G(4)(a)(iv)(C). On July 27, 2019, the government began posting such notice on an internet site, http://www.forfeiture.gov, for 30 consecutive days. Any verified claim in response to the notice by internet publication had to be filed no later than September 25, 2019. *See* FED. R. CIV. P. SUPP. R. G(5)(a)(ii)(B); Declaration of Publication, Exhibit A. No claims based on publication were filed.

8. Ineffective direct notice is not a bar against forfeiture, as long as notice via publication was effective. *See United States v. Funds Up to & including the Amount of $56,634 in U.S. Currency on Deposit in Banesco Int'l, Panama*, 79 F. Supp. 3d 112, 114 (D.D.C. 2015) (notice was adequate where government attempted, but was unable, to obtain the account holders' contact information, and thus could only rely on posting public notice of the forfeiture action on the government's forfeiture website); *see also Hammel v. U.S. Dep't of Justice, Drug Enf't Admin.*, No. 2:12-cv-02932, 2013 WL 1363861, at *3 (D.S.C. Apr. 3, 2013) (mailing of notice to two known addresses and subsequent notice by publication in a national newspaper is sufficient notice); *Folks v. Drug Enf't Admin.*, No. 05–389, 2006 WL 3096687, at *2 (W.D.N.C. Oct. 25, 2006) (finding notice sufficient when notice sent to Plaintiff at only address on record went unclaimed, because government also gave notice by publication).

9. In this case, the government fully satisfied the Supplemental Rule G requirements for notice by publication and direct notice.

10. No party may contest the government's allegation that the defendant property is subject to forfeiture, because: (1) there is no claim on the record to the defendant property; (2) the time for filing a claim has expired, and no extensions of time were given; and (3) no person who reasonably appeared to be a potential claimant is an infant or incompetent person.

11. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

12. The Clerk is requested to enter Default against the defendant property and all parties that might have an interest in it.

13. Executed this 13th day of January, 2020, by undersigned counsel for plaintiff the United States of America.

        Respectfully submitted,

        JESSIE K. LIU,
        UNITED STATES ATTORNEY

By:     /s/
        Arvind K. Lal, D.C. Bar No. 389496
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-7566
        arvind.lal@usdoj.gov